UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEANETTE SCHUESSLER and JAMES SCHUESSLER,

    Plaintiffs,

    v.                                      Case No. 24-CV-888

NEXUS RVS, LLC,

    Defendant.

---

## DECISION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND GRANTING LEAVE TO FILE ANSWER

---

On September 9, 2024, the clerk of court entered default against Nexus RVS, LLC in favor of Jeanette and James Schuessler. Although Plaintiffs requested default *judgment* (Docket # 4) be entered against Nexus, judgment was never entered. Nexus now appears, mistakenly requesting to set aside the default judgment. (Docket # 6.) What Nexus properly requests is for an order pursuant to Fed. R. Civ. P. 55(c) vacating the clerk's entry of default. And while Nexus does not request leave to file an answer pursuant to Fed. R. Civ. P. 6(b)(1)(B), a request to vacate default and a request for leave to file an answer typically go together. Otherwise, it is unclear how the parties intend to move this case forward. Thus, for the reasons further explained below, the clerk's entry of default is vacated, and Nexus is granted leave to file an answer to Plaintiffs' complaint.

### BACKGROUND

In April 2023, Plaintiffs purchased an allegedly defective 2022 Nexus Viper 27V recreational vehicle from Kunes Country RV of Sheboygan, Inc. (Complaint, Docket # 1.)

Plaintiffs took the RV for repairs under the Nexus warranty to L & S Truck in Appleton, Wisconsin. (*Id.* ¶ 9.) Plaintiffs allege the RV contained substantial defects in materials and workmanship allegedly caused by Nexus. (*Id.* ¶ 22.) Plaintiffs subsequently sued Nexus in July 2024 for breach of warranty and/or contract; for violations of the Magnuson Moss Warranty Act; and for violation of Wisconsin Lemon Law, Wis. Stat. § 218.0171. Nexus was served on July 18, 2024. (Docket # 2.) On September 6, 2024, Plaintiffs moved for default judgment against Nexus as to liability only. (Docket # 4.)

Entry of default, however, is not the same as entry of default judgment. While the clerk of court enters default pursuant to Fed. R. Civ. P. 55(a) upon a party's showing by affidavit or otherwise that the party against whom relief is sought has failed to plead or otherwise defend, default judgment is entered pursuant to Fed. R. Civ. P. 55(b)(1); by the clerk, if the plaintiff claims a sum certain or by the court, in all other cases, *see* Fed. R. Civ. P. 55(b)(2). While the clerk of court entered default on September 9, 2024, default judgment was never entered in this case.

Counsel for Nexus entered an appearance on December 9, 2024, and moved to set aside the default. (Docket # 6.) Counsel explained that due to his serious health issues from July 2024 through the present, he was unaware of the pendency of this lawsuit. (Docket # 6.) Plaintiffs do not oppose Nexus' request to set aside the default. (*Id.* at 1.)

## ANALYSIS

1. *Motion to Set Aside Default*

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Fed. R. Civ. P. 55(c); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630

(7th Cir. 2009). Both Rule 55(c), which governs motions to set aside defaults, and Rule 60(b), which governs motions to set aside default judgments, are analyzed under this three-part test; however, it is applied more leniently in the context of Rule 55(c). *Cracco*, 559 F.3d at 631. In applying this test, more recent Seventh Circuit precedent has "articulate[d] a policy of favoring trial on the merits over default judgment." *Id.*; *accord Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). *But see O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) ("[T]his circuit no longer follows the earlier doctrine disfavoring defaults."). The movant's failure to make any one of these three showings warrants denial of a motion to vacate. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46–47 (7th Cir. 1994).

In this case, Plaintiffs do not dispute that Nexus has made the three requisite showings to set aside the default. As to "good cause," the Seventh Circuit has stated that Rule 55(c)'s requirement of "good cause" is "not a synonym for 'excusable neglect.'" *Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). In *Cracco*, the court found that the defendant met the standard of "good cause" under Rule 55(c) through a display of inadvertence. 559 F.3d at 631 ("Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."). In this case, Nexus' failure to timely answer the complaint was due to inadvertence, not intentional action. Nexus' counsel was suffering from very serious health issues at the time Plaintiffs' complaint was filed and for the months following. Thus, I find that Nexus has established "good cause" for the default.

As to whether Nexus took quick action to address the default, Nexus' counsel was notified by Nexus of the entry of default on September 20, 2024. (Docket # 6 at 2.) During

3

this time frame, Nexus' counsel was undergoing daily radiation treatments. (*Id.*) Nexus' counsel contacted Plaintiffs' counsel on October 22, 2024, to explain the situation and on October 24, 2024, Plaintiffs' counsel informed Nexus' counsel that her clients were agreeable to setting aside the default. (*Id.*) Nexus' counsel, however, suffered from further health complications and while counsel kept Plaintiffs' counsel updated on the status of his appearance and the filing of the present motion, the motion was not filed until December 9, 2024. Although several months lapsed between Nexus' counsel's discovery of entry of the default and the present motion being filed, given counsel's serious health condition and his communication with Plaintiffs' counsel during the relevant timeframe, I do not find Nexus delayed in addressing the default.

Finally, Nexus must show that it has a meritorious defense to the lawsuit. A meritorious defense to the complaint is "more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (internal citation omitted). Nexus asserts that it is aware of facts that would support defenses to Plaintiffs' allegations of breach of warranty. (Docket # 6 at 3.) Once again, Plaintiffs do not challenge this assertion. Thus, I find that Nexus has shown potential meritorious defenses to the lawsuit.

Having met all three criteria as articulated in *Cracco*, Nexus' motion to set aside the default is granted.

2. *Leave to File Answer*

While Nexus does not specifically request leave to file an answer, "[a]s a practical matter, vacating entry of default would serve little purpose without granting defendants leave to file an answer." *Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL

4

12964670, at *2 (E.D. Wis. June 4, 2015). Under Fed. R. Civ. P. 6(b)(1)(B), the court may extend the time for a party to file its answer on motion made after the time has expired "if the party failed to act because of excusable neglect." The Supreme Court elaborated that the inquiry under "excusable neglect" is:

> [A]t bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv.'s, Co. v. Brunswick Assoc.'s Ltd. P'ship.*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not unusually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

In this case, given Nexus' counsel's serious health issues, Nexus' communication with Plaintiffs' counsel upon learning of the default, the lack of prejudice to Plaintiffs, and Plaintiffs' agreement to vacate the default, I find that Nexus' neglect was excusable and Nexus is permitted to file an answer to Plaintiffs' complaint. Nexus will have twenty-one (21) days from the date of this Order to answer or otherwise plead to Plaintiffs' complaint.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to set aside the default (Docket # 6) is **GRANTED**. The clerk's office shall **VACATE** the September 9, 2024, entry of default.

**IT IS FURTHER ORDERED** that defendant shall have twenty-one (21) days from the date of this Order to file an answer or otherwise plead to Plaintiffs' complaint.

Dated at Milwaukee, Wisconsin this 27th day of December, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge